IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEN OGUNMAYIN,

    Plaintiff,

  v.

ALAMEDA COUNTY EMPLOYEES
RETIREMENT ASSOCIATION,

    Defendant.
                                     /

No. C 12-06240 WHA

**AMENDED ORDER DISMISSING
ACTION WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE
AND DENYING MOTION
TO DISMISS AS MOOT**

## INTRODUCTION

In this employment dispute, plaintiff has failed to respond to defendant's motion to dismiss and an order to show cause. Although plaintiff's counsel was recently warned that if he failed to respond, the action might be dismissed for failure to prosecute, counsel has chosen not to take heed of this warning. Accordingly, the present action is hereby **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**. Defendant's motion to dismiss is **DENIED AS MOOT**.

## STATEMENT

Plaintiff Ben Ogunmayin, an African-American born in Nigeria, was employed by defendant Alameda County Employees Retirement Association as a retirement accountant. Plaintiff was terminated four months after being hired, while he was a probationary employee. His complaint alleges that during the course of his employment his supervisors discriminated

1  against him because of his race and accent, and that he was subjected to a hostile work
2  environment.

3       In December 2012, *two years and* nine months after his termination, plaintiff filed the
4  present action alleging claims for misrepresentation, defamation, negligent investigation, racial
5  discrimination in violation of 42 U.S.C. 1981, violation of *Skelly* rights, and four claims for
6  breach of contract. It was originally assigned to Magistrate Judge Maria-Elena James. In March
7  2013, Judge James issued an order vacating a scheduled case management conference because
8  there was no indication that defendant had been served (Dkt. No. 3). Judge James also ordered
9  plaintiff to file a status report by March 25 (*ibid.*). The action was reassigned to the undersigned
10 judge prior to the March 25 deadline. Plaintiff did not file any status report.

11       On the last day to file a joint initial case management statement, defendant filed its
12 separate case management statement (Dkt. No. 12). Defendant's counsel also submitted a
13 sworn affidavit stating that she had a phone conversation with plaintiff's counsel, she sent
14 several emails and left a voicemail message to prepare the joint case management statement.
15 Plaintiff's counsel had replied to one of the emails, but had failed to provide plaintiff's portion of
16 the statement (Dkt. No. 13). Plaintiff has yet to submit his separate case management statement.

17       In March 2013, defendant filed a motion to dismiss. When plaintiff's deadline to submit
18 an opposition passed without a response, the Court issued an order to show cause requiring
19 plaintiff to respond by April 22 (Dkt. No. 16). The order further stated that plaintiff was on
20 notice that failure to timely file a response could result in defendant's motion to dismiss being
21 granted or the action being dismissed for failure to prosecute (*ibid.*). On April 22, the last day
22 of the deadline, plaintiff filed a motion to voluntarily dismiss the action without prejudice (Dkt.
23 No. 17). On that same day, however, plaintiff withdrew the motion, indicating that it had been
24 filed on the docket in error (*ibid.*). No further filing was made by plaintiff. One week after

2

plaintiff's deadline to respond to the order to show cause passed, defendant filed a request to dismiss the action with prejudice for failure to prosecute (Dkt. No. 18).[*]

On May 2, 2013, the case management conference and hearing on defendant's motion to dismiss took place. Defendant's counsel appeared. Plaintiff's counsel, however, did not appear even after the undersigned judge waited one-and-a-half hours to preside over the motion in case plaintiff's counsel was running late.

**ANALYSIS**

As noted above, plaintiff (represented by counsel) was ordered to show cause and warned that if he did not, the present action might be dismissed. A district court may dismiss an action for failure to prosecute, for failure to comply with a court order, or for failure to comply with the Federal Rules of Civil Procedure. Rule 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). Our court of appeals has articulated a five-factor test to determine whether dismissal is warranted: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the availability of less drastic sanctions, and (5) the public policy favoring disposition of cases on their merits. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). While a dismissal for failure to prosecute is generally with prejudice, a district court may also opt for the less drastic remedy of dismissal without prejudice. *See* Rule 41(b); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982).

Plaintiff has failed to actively prosecute his claims. *First*, plaintiff failed to comply with Judge James's order to file a status report. *Second*, pursuant to Civil Local Rule 16–9, counsel must file a joint case management statement unless otherwise ordered or unless a party is not represented by counsel. Plaintiff's counsel failed to cooperate with defendant's counsel in preparing a joint statement and has yet to file his separate case management statement. *Third*, plaintiff failed to file an opposition or statement of non-opposition to defendant's motion to dismiss. *Fourth*, after the Court issued an order to show cause, plaintiff filed a request for

---

[*] Defendant filed a request for leave to file an opposition brief to plaintiff's erred filing discussing why this case should be dismissed with prejudice. Defendant's request to file the brief is **GRANTED** and the arguments therein were considered for this order.

3

voluntary dismissal without prejudice, but then withdrew the filing as an error. Plaintiff has yet to comply with the order to show cause. Plaintiff is obviously well aware of defendant's pending motion to dismiss, of the Court's order to show cause and his obligations to respond to the same. And *fifth*, plaintiff's counsel failed to appear at the May 2 hearing.

In weighing the factors articulated by our court of appeals, this order finds that the first factor favors dismissal. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Rule 1. Delay in reaching the merits of a case, either by way of settlement or adjudication, is costly in both time and money for the courts. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). By failing to cooperate with defendant's counsel, failing to respond to defendant's motion to dismiss, failing to show cause, and failing to appear at the May 2 hearing, plaintiff has delayed in moving the litigation forward to reach the merits of the case. The May 2 hearing was scheduled to discuss the merits of the claims through the motion to dismiss, not to anticipate on whether plaintiff's counsel would be appearing.

The second and third factors also weigh in favor of dismissal. The Court's need to manage its docket would not be served by allowing plaintiff to delay the resolution of this action. Plaintiff has already failed to meet deadlines, follow court orders, and appear in court proceedings. Plaintiff's delay has also impaired defendant's ability to proceed with the pending motion to dismiss and reach the merits of the claims alleged. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Moreover, both the Court and defendant are wasting time and resources on an action that, even at its early stage, has been going nowhere fast.

The fourth factor also favors dismissal. "Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet [this] requirement." *Malone*, 833 F.2d at 132. The Court's order to show cause warned plaintiff that failure to timely file a written response could result in defendant's motion to dismiss being granted or the action being dismissed for failure to prosecute. Moreover, the instant dismissal without prejudice is a less drastic sanction than dismissal with prejudice that is typical for failure to prosecute.

4

The fifth factor weighs against dismissal. However, a case that is stalled by a party's failure to meet deadlines cannot move forward to the merits of the claims. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228. This factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Ibid*. As such, this factor is outweighed by the factors favoring dismissal.

## CONCLUSION

For the foregoing reasons, the action is hereby **DISMISSED FOR FAILURE TO PROSECUTE** under Rule 41(b). This dismissal is without prejudice. Defendant's motion to dismiss is **DENIED AS MOOT**. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: May 6, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

5